# STATE OF WEST VIRGINIA
# SUPREME COURT OF APPEALS

**Neil Williams,**
**Petitioner Below, Petitioner**

**FILED**

April 17, 2015
**RORY L. PERRY II, CLERK**
**SUPREME COURT OF APPEALS**
**OF WEST VIRGINIA**

**vs)  No. 14-0835** (Ohio County 13-C-232)

**Dennis Dingus, Warden, Stevens Correctional Center,**
**Respondent Below, Respondent**

## MEMORANDUM DECISION

Petitioner Neil Williams, appearing *pro se*, appeals the order of the Circuit Court of Ohio County, entered August 13, 2014, denying his fifth petition for writ of habeas corpus. Respondent Dennis Dingus, Warden, Stevens Correctional Center, by counsel Christopher S. Dodrill, filed a summary response.

The Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. This case satisfies the "limited circumstances" requirement of Rule 21(d) of the Rules of Appellate Procedure and is appropriate for a memorandum decision rather than an opinion. For the reasons expressed below, the decision of the circuit court is affirmed, in part, and reversed, in part, and this case is remanded to the circuit court with directions to afford petitioner an opportunity to show why the prohibition against his filing further habeas petitions in Ohio County should not be imposed.

On September 14, 1998, an Ohio County grand jury indicted petitioner on fifty-two counts relating to child sexual offenses. Specifically, the indictment included the following:

> Seventeen counts of sexual assault in the third degree; nineteen counts of sexual abuse in the third degree; seven counts of exhibiting obscene material to a minor; five counts of photographing a minor in sexually explicit conduct; three counts of sexual abuse by a parent, guardian, or a custodian; and one count of sexual abuse in the first degree.

The indictment stated that the offenses occurred in July of 1998 as to forty-three counts. As to the remaining nine counts, the offenses were said to have occurred between October of 1997 and December of 1997. No victim was identified by name. Instead, the indictment indicated that each victim's name was known to the grand jury.

On November 17, 1998, petitioner entered a guilty plea to fourteen counts of the indictment pursuant to a plea agreement. The fourteen counts included twelve felonies and two

1

misdemeanors. Specifically, petitioner pled guilty to eight counts of sexual assault in the third degree; one count of sexual abuse in the third degree; two counts of sexual abuse by a parent, guardian, or a custodian; one count of exhibiting obscene material to a minor; one count of sexual abuse in the first degree; and one count of photographing a minor in sexually explicit conduct. The remaining counts of the indictment were dismissed.

On February 2, 1999, the circuit court sentenced petitioner to nine terms of one to five years, two terms of ten to twenty years, one term of ten years, one term of six months and one term of ninety days. Some of the terms were to be served consecutively and some were to be served concurrently.

The circuit court re-sentenced petitioner on August 26, 1999, for the purposes of appeal. On appeal, petitioner's counsel raised the following assignments of error: (1) whether the indictment was fatally defective because it failed to name or otherwise identify the alleged victims of the offenses that it charged; (2) whether the indictment was fatally defective because it failed to provide sufficient facts to inform petitioner of the nature and cause of the charges against him or to permit him to raise double jeopardy as a defense to subsequent prosecution; (3) whether the circuit court erred in accepting petitioner's involuntary guilty plea at a hastily-convened plea hearing; and (4) whether the circuit court erred in denying petitioner's two pre-sentence motions to withdraw his involuntary guilty plea. This Court refused petitioner's direct appeal by an order entered March 23, 2000.

On October 22, 2000, petitioner filed a petition for writ of habeas corpus, and the circuit court appointed him counsel. Habeas counsel filed a second amended petition on June 6, 2003, and respondent warden filed his response on June 12, 2003. Subsequently, in a July 21, 2005, agreed order to correct sentence, the circuit court held that under the statute in effect at the time, the applicable sentence for sexual abuse by a parent, guardian, or a custodian was five to fifteen years. Thus, the circuit court found that petitioner had been sentenced to two illegal ex post facto terms of ten to twenty years under the current version of the statute for the two convictions for sexual abuse by a parent, guardian, or a custodian. The court re-sentenced petitioner to two five to fifteen terms on each of those counts, to be served consecutively to each other. The circuit court later denied all other habeas relief by an order entered November 8, 2005. When petitioner appealed pro se, this Court refused his appeal on December 6, 2006.

On March 30, 2009, petitioner filed a pro se motion pursuant to Rule 35(a) of the West Virginia Rules of Criminal Procedure to reduce his sentence. The circuit court construed that motion as a petition for a writ of habeas corpus and dismissed the same by order entered April 8, 2008. The circuit court found that "the grounds for relief the Petitioner has asserted have been previously and finally adjudicated or waived pursuant to [the July 21, 2005, agreed order to correct sentence]." When petitioner appealed, this Court refused his appeal on November 19, 2009.

On December 10, 2010, petitioner filed a third habeas petition. Habeas counsel was appointed, who filed an amended petition and a *Losh* checklist of grounds for post-conviction

2

habeas corpus relief on April 19, 2011.[1] Respondent warden filed his response on May 2, 2011. On May 6, 2011, the circuit court dismissed petitioner's petition without a hearing concluding that "the grounds for relief the Petitioner has asserted have been previously and finally adjudicated or waived." On September 21, 2012, this Court affirmed the dismissal of petitioner's third petition.[2] Petitioner filed a fourth habeas petition on May 2, 2013, which the circuit court denied on December 18, 2013, in an order that petitioner did not appeal.

On August 8, 2014, petitioner filed his fifth habeas petition. The circuit court denied the petition on August 13, 2014, after making the following findings: (1) "each ground raised in the Petition has been previously and finally adjudicated and/or waived"; and (2) after a review of "the pleadings, evidence, and pertinent legal authorities," the petition was meritless. In addition, the circuit court directed (a) the Circuit Clerk of Ohio County to refuse further habeas petitions by petitioner; and (b) petitioner to file further habeas petitions only in the West Virginia Supreme Court of Appeals.

Petitioner now appeals the circuit court's August 13, 2014, order denying his habeas petition. We apply the following standard of review in habeas cases:

> In reviewing challenges to the findings and conclusions of the circuit court in a habeas corpus action, we apply a three-prong standard of review. We review the final order and the ultimate disposition under an abuse of discretion standard; the underlying factual findings under a clearly erroneous standard; and questions of law are subject to a *de novo* review.

Syl. Pt. 1, *Mathena v. Haines*, 219 W.Va. 417, 418, 633 S.E.2d 771, 772 (2006).

### The circuit court did not abuse its discretion in denying petition.

The parties dispute whether the doctrine of res judicata bars petitioner's fifth habeas petition. In Syllabus Point Four of *Losh v. McKenzie*, 166 W.Va. 762, 762-63, 277 S.E.2d 606, 608 (1981), this Court held as follows:

> A prior omnibus habeas corpus hearing is res judicata as to all matters raised and as to all matters known or which with reasonable diligence could have been known; however, an applicant may still petition the court on the following grounds: ineffective assistance of counsel at the omnibus habeas corpus hearing; newly discovered evidence; or, a change in the law, favorable to the applicant, which may be applied retroactively.

However, we need not decide this issue because the circuit court made the alternate finding

---

[1] *See Losh v. McKenzie*, 166 W.Va. 762, 768-70, 277 S.E.2d 606, 611-12 (1981).

[2] *See Williams v. Ballard*, No. 11–0889, 2012 WL 4373180 (W.Va. Supreme Court) (memorandum decision).

3

that after a review of "the pleadings, evidence, and pertinent legal authorities," the petition was meritless. This finding is consistent with Syllabus Point One of *Perdue v. Coiner*, 156 W.Va. 467, 194 S.E.2d 657, 658 (1973), in which we held that "[a] court having jurisdiction over habeas corpus proceedings may deny a petition for a writ of habeas corpus without a hearing and without appointing counsel for the petitioner if the petition, exhibits, affidavits or other documentary evidence filed therewith show to such court's satisfaction that the petitioner is entitled to no relief."

We have reviewed petitioner's fifth petition and its attached exhibits, and now determine that they demonstrate that petitioner is entitled to no relief. The only claim that could potentially have merit is petitioner's assertion that the attorney appointed in his third habeas proceeding was ineffective because he had an undisclosed conflict of interest. Petitioner states that he recently discovered a February 22, 2011, letter in which the attorney informed the circuit court—but not petitioner—that his father was Prosecuting Attorney of Ohio County at the time of petitioner's direct appeal.

We find that petitioner fails to show that this letter qualifies as newly discovered evidence under the applicable standard set forth in the Syllabus of *State v. Frazier,* 162 W.Va. 935, 253 S.E.2d 534 (1979),[3] for two reasons. First, while petitioner states he obtained the letter in connection with his civil action in McDowell County,[4] he fails to explain why he could not have

---

[3] In the Syllabus of *State v. Frazier*, 162 W.Va. 935, 935-36, 253 S.E.2d 534, 534-35 (1979), this Court held as follows:

> "A new trial will not be granted on the ground of newly-discovered evidence unless the case comes within the following rules: (1) The evidence must appear to have been discovered since the trial, and, from the affidavit of the new witness, what such evidence will be, or its absence satisfactorily explained. (2) It must appear from facts stated in his affidavit that plaintiff was diligent in ascertaining and securing his evidence, and that the new evidence is such that due diligence would not have secured it before the verdict. (3) Such evidence must be new and material, and not merely cumulative; and cumulative evidence is additional evidence of the same kind to the same point. (4) The evidence must be such as ought to produce an opposite result at a second trial on the merits. (5) And the new trial will generally be refused when the sole object of the new evidence is to discredit or impeach a witness on the opposite side." Syllabus Point 1, *Halstead v. Horton*, 38 W.Va. 727, 18 S.E. 953 (1894).

[4] *See Williams v. Bonar*, No. 14-0327, 2014 WL 6607846, at *3 (W.Va. Supreme Court, November 21, 2014) (memorandum decision) (dismissing petitioner's action against various Ohio County magistrates, judges, prosecutors, defense attorneys, and police officers alleging a conspiracy to keep him in prison). McDowell County is where the Stevens Correctional Center is located.

4

obtained the letter in connection with his fourth habeas petition filed in 2013. Thus, we determine that petitioner has failed to demonstrate that he acted with due diligence in obtaining the letter.

Second, petitioner has also failed to show that evidence that his counsel in his third habeas proceeding had a conflict of interest ought to produce a different result in the instant case. Petitioner also had counsel in connection with his second amended petition, and, apart from an agreed order to correct two illegal sentences, the circuit court denied all of petitioner's claims in that proceeding as well. Because counsel who filed the second amended petition failed to achieve a better result, petitioner cannot show that anything counsel did—or did not do—in the third habeas proceeding was determinative of that proceeding. Thus, we find that petitioner's claim that habeas counsel was ineffective in his third proceeding fails to satisfy the second prong of the *Strickland /Miller* standard.[5] Therefore, we conclude that the circuit court did not abuse its discretion in denying petitioner's fifth petition as meritless.[6]

<u>The circuit court impermissibly barred
petitioner from filing further petitions in Ohio County.</u>

Petitioner does not make this issue a separate assignment of error, but argues it in support of his contention that the circuit court abused its discretion in denying his habeas petition. Thus, it is understandable that respondent warden does not address whether the circuit court impermissibly barred petitioner from filing further petitions in Ohio County. Nevertheless, we address this issue because "[u]nder *West Virginia Constitution* art. III, § 17, prisoners have a Constitutional right to

---

[5] In West Virginia, claims of ineffective assistance of counsel are governed by the two-pronged test established in *Strickland v. Washington,* 466 U.S. 668, 687 (1984): (1) counsel's performance was deficient under an objective standard of reasonableness; and (2) there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different. *See* Syl. Pt. 5, *State v. Miller*, 194 W.Va. 3, 6, 459 S.E.2d 114, 117 (1995).

[6] In arguing that the circuit court abused its discretion in denying the petition, petitioner also asserts that Judge Sims was disqualified from ruling on the petition because petitioner recently sued the judge as a member of an alleged conspiracy to keep petitioner incarcerated. We affirmed Judge Sims' dismissal with prejudice from petitioner's McDowell County action in *Williams v. Bonar*, No. 14-0327, 2014 WL 6607846, at *3 (W.Va. Supreme Court, November 21, 2014) (memorandum decision). Petitioner states that he has now filed a similar action in Ohio County. Nevertheless, respondent warden argues that petitioner's only claim against Judge Sims is that Judge Sims has ruled against petitioner in his habeas proceedings. Respondent warden further argues that such a claim does not mean that Judge Sims has a conflict of interest such that he was disqualified from ruling on petitioner's instant petition. We agree with respondent warden based on our prior finding that Judge Sims and other Ohio County judicial officers enjoyed absolute judicial immunity from petitioner's action because his only claim was that "they ruled against him during the course of his criminal case and in subsequent habeas proceedings." *Id.* at *2. Therefore, we find no merit to petitioner's argument that Judge Sims was disqualified from ruling on the instant petition.

5

meaningful access to our courts subject to reasonable limitations imposed to protect courts from abuse." Syl. Pt. 2, *Mathena* at 418, 633 S.E.2d at 772. In Syllabus Point Five of *Mathena*, we held, in pertinent part, that prior to the entry of any order restricting a prisoner's access to the courts, "the circuit court must provide the prisoner an opportunity to show cause why such a limitation should not be imposed." *Id.* at 418-19, 633 S.E.2d at 772-73. The circuit court did not afford petitioner such an opportunity before directing the Ohio County Circuit Clerk to refuse further habeas petitions by petitioner. Therefore, we reverse the circuit court's prohibition against petitioner filing further habeas petitions in Ohio County and remand the case with directions to afford petitioner an opportunity to show why such a prohibition should not be imposed.

For the foregoing reasons, we (1) affirm the decision of the Circuit Court of Ohio County to deny petitioner's fifth habeas petition; (2) reverse the circuit court's prohibition against petitioner filing further habeas petitions in Ohio County; and (3) remand the case with directions to afford petitioner an opportunity to show why such a prohibition should not be imposed.

Affirmed, in Part, Reversed, in Part, and Remanded with Directions.

**ISSUED:** April 17, 2015

**CONCURRED IN BY:**

Chief Justice Margaret L. Workman
Justice Robin Jean Davis
Justice Brent D. Benjamin
Justice Menis E. Ketchum
Justice Allen H. Loughry II